Eileen M. Collins, Plaintiff-Appellant, v. The Northern
Trust Company, Executor of the Estate of May-
belle E. Fankboner, Deceased, Defendant-Appellee.

Gen. No. 49,998.

First District, Third Division.

September 16, 1965.

Sarsfield Collins, of Chicago, for appellant.

Thomas J. Boodell, Jr., Nelson, Boodell, Foster, Sugrue & Crowley, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order of the Probate Court disallowing a claim against the deceased tenant's estate for rent. The principal issue on appeal is whether a prior order of the Probate Court allowing a claim for rent in the sum of $330 is res judicata as to a balance of $880 alleged to be due. A motion to dismiss the appeal on this ground was taken with the case.

On April 5, 1963, Maybelle Fankboner signed a one-year apartment lease for the period from May 1, 1963 to April 30, 1964 at $110 a month. She died on May 16, 1963 and letters were issued on July 9, 1963. On August 20, 1963, Eileen Collins filed a claim against the estate of the deceased for $1,320, the rent for the

entire term of the lease. The executor denied that such amount was owing and alleged that the lease was a subterfuge to mislead other tenants in the lessor's building, and that there was no lease with the deceased in existence other than a month to month tenancy at a rental of $110 per month.

On November 11, 1963, the court allowed the claim in the sum of $330, the equivalent of rent for three months. No appeal was taken from that order. On April 2, 1964, one day after the last payment of rent was due and five days before the end of the nine-month claim period, lessor filed a second claim, this time for $880. The executor filed an answer, denying that said sum or any other sum was owing to the lessor. Hearing was originally set for June 25, 1964, at which time plaintiff sought to have her claim allowed, but the court required proof as to whether the apartment was vacant and whether any rent had been received. The matter was set for rehearing on July 8, 1964, and on that day the plaintiff sought to testify in her own behalf on these matters. The court upheld the executor's objections on the ground that plaintiff was not a competent witness under the Evidence Act because she was a party in interest suing the executor, and it ordered dismissal of the claim for $880. It is from this order that lessor has appealed.

The executor has admitted in his brief that plaintiff was a competent witness to testify whether the apartment was vacant and whether she had received any rent for it, these events occurring after the tenant's death, and that the trial court was wrong in that respect. The Evidence Act provides that "a party or interested person may testify to facts occurring after the death of such deceased person. . . ." Ill Rev Stats c 51, § 2 (1963). The executor maintains, however, that plaintiff was not competent to prove the validity of the tenant's signature on the lease, a vital

element of her case. Nothing in the record indicates that the executor ever raised this objection specifically at the trial and he is precluded from raising it on appeal.

The executor also argues that the order entered on November 11, 1963 was an adjudication of the entire claim made by the lessor and therefore the adjudication discharged all claims on the lease.

 The Probate Act provides that a claim against a decedent's estate which is not due may be filed and allowed and paid out of the estate as are other claims. Ill Rev Stats c 3, § 193 (1963). This section refers only to claims on which there is an absolute liability although time of payment is postponed. The holder of a contingent claim is not a creditor of the estate and if his claim remains contingent during the whole of the year (now nine months) allowed for the filing of claims against the estate, he cannot participate in the distribution of the estate. Chicago Title & Trust Co. v. Fine Arts Bldg., 288 Ill 142, 123 NE 300, and cases therein cited. In that case a lease contained a provision that in the event the premises became untenantable by fire, explosion or other casualty, the lessor could at his option terminate the lease or repair the premises within sixty days, and if the lessor did not repair or if the building was wholly destroyed, the term should be terminated. A similar provision is contained in the lease in the instant case. Therefore, the claim for rent due was contingent and could not be collected except as the monthly rent became due.

Defendant argues, however, that in Chicago Title & Trust Co. v. Fine Arts Bldg., supra, the unexpired period of the leasehold was four and a half years and that in a claim which covers such a long term after the period of administration, possible contingencies loom larger than when a shorter period is involved,

86

especially where, as in the instant case, any contingency however remote must occur within the time of administration. We cannot agree. There is just as much probability that a fire, explosion or other casualty will occur during the year of administration as in the years after administration, other factors being equal. A claim for rent must be considered contingent during the period of administration, except as such rent actually becomes due and payable. Anything to the contrary which appears in Estate of James E. McElroy v. Brooke, 104 Ill App 220, must be deemed to have been overruled by the reasoning of the Supreme Court in Chicago Title & Trust Co. v. Fine Arts Bldg., supra. The other cases cited by the executor on this issue are not in point.

 The May rent became due May 1, 1963, before the testator's death, and since no claim was made with respect to that rent, we assume it was paid by the testator. The rent for June, July and August was the only rent for which the court could properly order payment at the time the claim of August 20, 1963 was filed. The remainder of the rent was still contingent. Plaintiff had the option of either waiting for each month's rent to become due, waiting for several installments to become due, or waiting until the end of the lease and suing for the total amount due. While the court did not recite in its order approving the payment of $330 that the balance of the payments would be deferred until the expiration of the rent period and a determination as to whether any of the contingencies of the lease had arisen, nevertheless we think it is clear from the circumstances that this is what the court intended. Plaintiff explains the confusion as being based on the practice in the Probate Court, which had been informal and had permitted the filing of claims for the full amount, but the court would enter payment orders only as monthly periods

■■■■■■■■■■■■■■
■■■■■■■

expired, thus avoiding the necessity of having claimants file successive claims as each month or successive period expired. This informality is reflected in Rules 53 (subsection 3) and 54 (subsection 2) of the Probate Division of the Circuit Court. These rules provide that a claim founded upon a written instrument shall be accompanied by a copy of the instrument and shall be exhibited to the court at the time of the hearing and, if the claim is allowed, that the Clerk shall make a notation of allowance thereon. If the more formal practice prevailed, the estate would have had to file a pleading in the nature of a plea in abatement based upon the dilatory defense that the suit had been prematurely brought insofar as it related to rent for the months other than June, July and August. An order on such a plea could not have been made the basis for a subsequent res judicata defense, as such a defense must be based on a prior judgment rendered on the merits of the case. Farber v. National Forge & Iron Co., 50 Ill App 503; Crabtree v. Welles, 19 Ill 55. The same principle shall apply here.

The motion to dismiss the appeal is denied and the order of the Probate Court of July 8, 1964 is reversed and the cause is remanded for a new trial of the issue, and for such other and further relief as is not inconsistent with the views herein expressed.

Motion to dismiss appeal denied. Order reversed and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.